NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

BENJAMIN F. PARKER, PETITIONER, v. H. & W COMPANY, RESPONDENT.

For the petitioner, *Elizabeth Blume.*

For the respondent, *John A. Laird,* of *Heine, Bradner & Laird.*

\*      \*      \*      \*      \*      \*      \*

1. On or about February 18th, 1927, the petitioner was in the employ of the respondent company.

2. That on or about said date, petitioner alleges that he met with an accident consisting of an electrical shock from an elevator which he was operating, which shock was so severe in character as to burn his hands to the bone and to incapacitate him from work from the time of the said accident down to the present date. I find the testimony of the petitioner to be incredible beyond belief as to his conduct directly after this

accident, he testifying, for example, that with a burn of this severe character which took place according to his testimony, sometime about noon, he nevertheless remained at work until his regular quitting time late in the afternoon, and that he had no medical attention during that period of time other than the application of some medicine which he claimed to have had with him in the elevator. Mr. O'Brien, manager of the respondent, and Dr. Mohrbacher, both testified that they called upon the petitioner at his home some few days after he was reported ill and that no complaint was made to either of them of any accident or of any injury or burn to the petitioner's hand, but testified to the contrary that the petitioner was found to be ill and suffering from some species of influenza, and that he was treated for this condition by Dr. Mohrbacher, who made a number of visits to him. I am impressed with the truthfulness of these witnesses, whose testimoney in part is corroborated by the petitioner to the effect that the medicine which he received from Dr. Mohrbacher was a prescripion for internal use.

3. I find as a fact that the petitioner did not meet with any accident while in the course of his employment of this respondent, and therefore order that the said petition be and the same hereby is dismissed.

4. I am advised that the respondent, through its insurance carrier, is willing as a matter of charity to advance and pay to the pettioner the sum of $250, and this, of course, has my approval, but is in nowise concerned with the actual dismissal of this claim petition.

HARRY J. GOAS,
*Deputy Commissioner.*